UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDSON GARDNER, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   24-2546 (RC) |
| | : | |
| v. | : | Re Document Nos.:   18, 23, 24, 25 |
| | : | |
| DOUG BURGUM, | : | |
| Secretary, Department of the Interior, | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OPINION

GRANTING DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff Edson Gardner, in his capacity as personal representative of the estate of his mother, petitions for a writ of mandamus to compel the Secretary of the Department of the Interior ("Defendant")[1] to partition land designated as Indian Country and issue deeds pursuant to 25 U.S.C. § 378.  For the following reasons, Plaintiff has failed to establish this Court's mandamus jurisdiction under 28 U.S.C. § 1361; therefore, the Court grants Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

### II. BACKGROUND

#### A.  Factual Background

Plaintiff brings this action as the personal representative of the estate of his mother, Carma Colleen Reed Gardner.  Pl.'s Pet. ¶ 13, ECF No. 1.  Plaintiff alleges that his mother was the allottee of a trust allotment of forty acres of land in the Farm Creek area of Uintah County,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Burgum has been substituted for his predecessor.

Utah, in a region designated as Indian Country under 18 U.S.C. § 1151. *Id.* ¶¶ 1, 9–11, Ex. 1. Plaintiff requested "[p]artition of allotment among heirs" of the land from the Department of the Interior's ("DOI") Bureau of Indian Affairs ("BIA") pursuant to 25 U.S.C. § 378. *Id.* ¶¶ 16, 35. A letter to Plaintiff from the BIA Uintah & Ouray Agency, dated November 28, 2017, and titled "Verification for Land Status/Jurisdiction," described the land as two "fee patent" parcels located in Indian Country.[2] *Id.* Ex. 1. But the BIA did not execute partition deeds to Plaintiff as he requested. *See id.* ¶¶ 25, 31.

### B. Procedural Background

On September 3, 2024, Plaintiff filed a petition for a writ of mandamus, requesting that the Court compel Defendant to partition the forty acres of land pursuant to 25 U.S.C. § 378 and issue a deed to Plaintiff's mother's estate. *See id.* ¶¶ 1, 16. On June 2, 2025, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. *See* Def.'s Mot. Dismiss, Mem. in Supp. ("MTD") at 1, ECF No. 18-1. Plaintiff filed an opposition to Defendant's motion to dismiss on June 9, 2025, and Defendant filed a reply in support of its motion to dismiss on June 20, 2025. Pl.'s Opp'n to Def.'s Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 20; Def.'s Reply in Supp. of Mot. Dismiss ("Def.'s Reply"), ECF No. 21. On June 30, 2025, the Court granted leave to Plaintiff to file a sur-reply. Pl.'s Sur-Reply, ECF No. 22. Thus, the motion to dismiss is fully briefed and ready for this Court's consideration.

---

[2] The BIA letter discusses two parcels of land amounting to a total of thirty acres, not forty acres as Plaintiff describes. Pl.'s Pet. ¶ 3. The Court assumes these parcels are the ones at issue, despite this discrepancy, because the fee patent numbers correspond to Plaintiff's filings. *Id.*, Ex. 1.

Since briefing of the motion to dismiss concluded, Plaintiff has filed three additional motions. Plaintiff previously filed a motion for leave to proceed *in forma pauperis* and a motion for a preliminary pretrial order. Pl.'s Mot. Leave to Proceed *in Forma Pauperis*, ECF No. 2; Pl.'s Mot. Prelim. Pretrial Order, ECF No. 6. In a July 23, 2025 Minute Order, the Court denied the motion for leave to proceed *in forma pauperis* as moot because Plaintiff has already paid the filing fee for this case, and denied the motion for a preliminary pretrial order without prejudice in light of Defendant's pending motion to dismiss. Min. Order, July 23, 2025. Plaintiff has filed a motion for reconsideration of that Minute Order. Pl.'s Mot. Recons., ECF No. 23. Plaintiff later filed a motion to amend his Petition for Writ of Mandamus on September 23, 2025. Pl.'s Mot. Amend Pet., ECF No. 24. The motion did not include a proposed amended pleading. *See id.* On October 24, 2025, before the Court ruled on that motion to amend, Plaintiff filed a motion for leave to file an amended complaint, which did include a proposed pleading. Pl.'s Mot. Leave File Am. Compl., ECF No. 25. The Court resolves these pending motions after first addressing the motion to dismiss below.

### III. LEGAL STANDARD

#### A. *Pro Se* Pleadings

A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). For example, a *pro se* litigant's filings are construed liberally. *Id.* Additionally, the Court must "examine other pleadings to understand the nature and basis of [a plaintiff's] *pro se* claims." *Gray v. Poole*, 275 F.3d 1113, 1115 (D.C. Cir. 2002). But even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

### B. Rule 12(b)(1)

A court must dismiss a case pursuant to Rule 12(b)(1) when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiffs bear the burden of proving that the Court has subject matter jurisdiction to hear their claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). However, a "plaintiff's factual allegations in the complaint will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (citation modified).

### C. Mandamus Jurisdiction

The Mandamus Act, 28 U.S.C. § 1361, "confers jurisdiction on the district courts over actions 'in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (quoting 28 U.S.C. § 1361). Those invoking the District Court's mandamus jurisdiction are required to demonstrate "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). If these three elements are not met, the Court must dismiss the case for lack of jurisdiction. *Lovitky v. Trump*, 949 F.3d 753, 758, 763 (D.C. Cir. 2020) (affirming that the District Court lacked subject matter jurisdiction because Plaintiff "had not established the elements of mandamus jurisdiction"). In

this way, "mandamus jurisdiction under § 1361 merges with the merits." *In re Cheney*, 406 F.3d at 729.

Due to "the potential conflict between the branches of government engendered by use of this remedy," *13th Reg'l Corp. v. U.S. Dep't of Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980), mandamus is an "extraordinary remedy" confined to "only . . . the clearest and most compelling cases," *Cartier v. Sec'y of State*, 506 F.2d 191, 199 (D.C. Cir. 1974). Thus, even when the threshold for mandamus jurisdiction is met, "a court may grant relief only when it finds compelling equitable grounds." *Am. Hosp. Ass'n*, 812 F.3d at 189 (quoting *In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005)).

## IV. ANALYSIS

The Court first analyzes Plaintiff's arguments for establishing mandamus jurisdiction. The Court concludes that Plaintiff's claim does not meet the threshold jurisdictional requirements for mandamus and that it must therefore grant Defendant's motion to dismiss. The Court then addresses the additional motions that Plaintiff has filed since briefing concluded on Defendant's motion to dismiss. The Court denies Plaintiff's pending motions but will grant Plaintiff leave to amend his complaint in light of this Opinion.

### A. Plaintiff's Mandamus Claim

Plaintiff's claim for mandamus relief fails because he has not established a government agency or official's violation of a clear duty to act, a threshold jurisdictional requirement for mandamus relief. *Am. Hosp. Ass'n*, 812 F.3d at 189.[3] Plaintiff requests a partition of allotment

---

[3] In addition to claiming jurisdiction pursuant to the Mandamus Act, 28 U.S.C. § 1361, Plaintiff also contends that the Court has jurisdiction pursuant to § 1346 ("United States as defendant"), § 1357 ("Partition action where United States is joint tenant"), and § 1353 ("Indian allotments"). Pl.'s Pet. at 8. However, to obtain mandamus *relief*, a plaintiff must meet the threshold jurisdictional requirements for mandamus. *See Fuentes v. Azar*, 468 F. Supp. 3d 83, 90

5

among heirs pursuant to 25 U.S.C. § 378, which provides in relevant part: "If the Secretary of the Interior shall find that any inherited trust allotment or allotments are capable of partition to the advantage of the heirs, he may cause such lands to be partitioned among them . . . ."  Pl.'s Pet. ¶ 16.  Because the statute uses the word "may," the duty at issue is discretionary.  *See Anglers Conservation Network v. Pritzker*, 809 F.3d 664, 671 (D.C. Cir. 2016) ("Ordinarily, . . . legislation using 'may' grants discretion."); *Lopez v. Davis*, 531 U.S. 230, 241 (2001) (stating that "may" is "permissive"); *Halverson v. Burgum*, 148 F.4th 1089, 1094 (9th Cir. 2025) ("The Estate does not allege any violation of a statutory or constitutional duty by any government official as the basis for its mandamus claim.  Nor could it where the relevant statute [25 U.S.C. § 378] provides only that the Secretary '*may* cause . . . lands to be partitioned.'").  Partition under § 378 is authorized but not required, precluding mandamus jurisdiction on its basis.  *See United States ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420 (1931) ("The law [invoked to demonstrate duty] must not only authorize the demanded action, but require it; the duty must be clear and indisputable.").  Plaintiff's assertion that partition is to the advantage of his mother's heirs has no bearing on the discretionary nature of 25 U.S.C. § 378.  *See* Pl.'s Pet. ¶ 21.

Plaintiff further contends that a non-discretionary duty is conferred on the Secretary of the Interior by "fiduciary obligations owed to Indian tribes."  Pl.'s Opp'n at 5.[4]  The United States "maintains a general trust relationship with Indian tribes."  *Arizona v. Navajo Nation*, 599 U.S. 555, 565 (2023).  However, "that trust is defined and governed by statutes rather than the common law."  *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 174 (2011); *see also*

---

(D.D.C. 2020).  Thus, the Court will only evaluate whether Plaintiff has established mandamus jurisdiction.

[4] For citations to Plaintiff's Opposition (ECF No. 20), the Court refers to the pagination assigned by the ECF system.

*Navajo Nation*, 599 U.S. at 566 (holding that because the treaty at issue did not "impose a duty on the United States to take affirmative steps to secure water for the Tribe," it did not establish a conventional trust relationship warranting the application of common law trust principles). First, "[t]o create an enforceable fiduciary duty, a law must establish specific government responsibilities or the government must otherwise 'assume[] . . . elaborate control' over the trust assets." *Hill v. U.S. Dep't of Interior*, 151 F.4th 420, 431 (D.C. Cir. 2025) (alterations in original) (quoting *United States v. Mitchell*, 463 U.S. 206, 222, 225 (1983)). Second, "[o]nly specific trust obligations established by 'the text of a treaty, statute, or regulation' may be judicially enforced against the United States government." *Id.* (quoting *Navajo Nation*, 599 U.S. at 563); *see Cherokee Nation v. Dep't of Interior*, 754 F. Supp. 3d 107, 119 (D.D.C. 2024) (quoting *El Paso Nat. Gas Co.*, 750 F.3d 863, 895 (D.C. Cir. 2024)) ("The scope of the Government's fiduciary duties is . . . a 'matter of statutory interpretation.'"). Plaintiff does not identify any treaty, statute, or regulation that could establish a specific fiduciary obligation, nor plead facts regarding the breach of such an obligation.[5]

Furthermore, 25 U.S.C. § 378 applies only to "trust allotment[s]." It appears, however, that the land at issue was identified by the BIA—in its November 28, 2017 letter—as parcels held in "fee patent," in which case they may not be under the purview of 25 U.S.C. § 378 in the first place. Pl.'s Pet., Ex. 1; *see* 25 C.F.R. §§ 152.1, 152.33. Though Plaintiff describes the land

---

[5] Plaintiff cites a case from the U.S. District Court for the District of Montana in which the district court found mandamus jurisdiction under 25 U.S.C. § 378 by identifying a non-discretionary duty from a settlement agreement approving partition. Pl.'s Opp'n Ex. 1, at 1; ECF No. 20-1 (*Halverson v. Haaland*, No. CV 22-76-BLG-SPW, 2023 WL 2561219, at *1, *7 (D. Mont. Mar. 17, 2023)). But the U.S. Court of Appeals for the Ninth Circuit vacated that decision on sovereign immunity grounds, which precluded the court from requiring the government's specific performance of that settlement agreement. *Halverson v. Burgum*, 148 F.4th 1089, 1094 (9th Cir. 2025). Moreover, Plaintiff does not identify a settlement agreement pertaining to the land at issue here that could even arguably impose such a non-discretionary duty.

at issue as a trust allotment, the Court need not "accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint." *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004); *see* Pl.'s Pet. ¶¶ 9–11. Trust allotments are held in trust by the United States, whereas "patent[s] . . . in fee" exist after the termination of a trust and pass the title to former allotees. *Hill*, 151 F.4th at 426. Thus, the applicability of 25 U.S.C. § 378 to the parcels at issue here is not readily apparent.[6]

Plaintiff also contends that the DOI's letter expressed a "legal duty" to convey the land to him. Pl.'s Pet. ¶ 22. However, the letter describes no such commitment. *See id.* Ex. 1. Instead, it merely confirms that two parcels of land designated as held in fee patent are within Indian Country. *Id.*

Plaintiff further argues that the BIA violated the Takings Clause of the Fifth Amendment. Pl.'s Opp'n at 8. However, Plaintiff raised this contention in his Petition as a factual assertion to support his request for mandamus, not as its own cause of action. *See* Pl.'s Pet. ¶ 26. As discussed below, Plaintiff raises a takings claim for the first time in his proposed amended complaint and seeks damages under 28 U.S.C. § 1346(a)(2). Pl.'s Proposed Am. Compl. ¶¶ 1–2, 11–12, ECF No. 25-1. But Plaintiff fails to explain how his takings allegation can serve as a basis for his mandamus claim here. Because mandamus jurisdiction is available only when "no adequate alternative remedy exists," Plaintiff's ability to seek monetary relief for a takings claim

---

[6] Defendant contends that Plaintiff conceded the arguments set forth in Defendant's motion to dismiss regarding the discretionary nature of the Secretary's duty and the applicability of 25 U.S.C. § 378 to the land type at issue. *See* MTD at 3–4; Def.'s Reply at 1–2; *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) ("[T]he court may treat the unaddressed arguments as conceded."). However, Plaintiff appears to argue that a "fiduciary duty" creates such a non-discretionary duty, addressing the former argument. *See* Pl.'s Opp'n at 5. Plaintiff also maintains that the land is a trust allotment. *See id.* at 9. For these reasons, the Court does not consider these arguments conceded.

8

by suing for damages undermines his reliance on an alleged taking for his mandamus petition. *See Am. Hosp. Ass'n*, 812 F.3d at 189; *Hill*, 151 F.4th at 433 ("Because monetary compensation under the Tucker Act will generally provide an adequate remedy at law, equitable relief typically is not available for takings claims.").

Plaintiff has failed to demonstrate the threshold requirements for mandamus jurisdiction, in particular, an agency or official's violation of a non-discretionary duty to act. The Court therefore lacks subject matter jurisdiction and must grant Defendant's motion to dismiss.

### B. Plaintiff's Additional Motions

Having granted Defendant's motion to dismiss, the Court now turns to the additional motions that Plaintiff has filed since briefing on the motion to dismiss concluded. As explained above, in a July 23, 2025 Minute Order, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* as moot because Plaintiff had previously paid the filing fee, and denied the motion for a preliminary pretrial order without prejudice because Defendant's motion to dismiss was pending. Min. Order, July 23, 2025. Plaintiff filed a motion for reconsideration of the Minute Order. Pl.'s Mot. Recons. But Plaintiff's motion discussed neither proceeding *in forma pauperis*, nor a pretrial order, and instead argued the merits of the mandamus petition. *See id.* The Court assumes that Plaintiff misunderstood the Minute Order as ruling on the merits of the case, and because he did not address the decisions at issue in the Minute Order, Plaintiff's motion for reconsideration of the Minute Order is denied.

Plaintiff filed a motion to amend his petition for writ of mandamus on September 23, 2025, which did not include a proposed amended pleading. Pl.'s Mot. Amend Pet.; *see* Local Civil Rule 7(i). On October 24, 2025, before the Court ruled on that motion, Plaintiff filed a motion for leave to file an amended complaint, which included a proposed pleading. Pl.'s Mot.

Leave File Am. Compl.  In light of this later motion, the previous motion for leave to amend is denied as moot.

In Plaintiff's latest proposed amended complaint, he appears to propose abandoning his mandamus petition and instead seek injunctive relief and monetary damages based on a takings claim.[7]  Pl.'s Proposed Am. Compl. ¶¶ 1–2, 12.  The Fifth Amendment's Takings Clause states that "private property [shall not] be taken for public use, without just compensation."  U.S. Const. amend. V.  To state a Fifth Amendment takings claim, a plaintiff must first, "identif[y] a cognizable Fifth Amendment property interest that is asserted to be the subject of the taking,"[8] and second, demonstrate that this property interest was "taken" through governmental action without just compensation.  *Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 854 (Fed. Cir. 2009); *see Ascom Hasler Mailing Sys., Inc. v. U.S. Postal Serv.*, 885 F. Supp. 2d 156, 192 (D.D.C. 2012).  Due to the government shutdown, Defendant has not yet had the opportunity to respond to this motion.  But because the Court will grant Plaintiff leave to amend his complaint

---

[7] The "Little Tucker Act" confers concurrent jurisdiction on the United States district courts and the United States Court of Federal Claims for "[a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon the Constitution."  28 U.S.C. § 1346(a)(2).  However, for such claims seeking an excess of $10,000, the Tucker Act confers exclusive jurisdiction on the United States Court of Federal Claims.  *See* 28 U.S.C. § 1491(a)(1); *Kidwell v. Dep't of Army, Bd. for Corr. of Mil. Recs.*, 56 F.3d 279, 284 (D.C. Cir. 1995) ("[A] claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government."); *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007) ("[T]he jurisdiction of the Court of Federal Claims is exclusive when a plaintiff seeks more than $10,000 in damages.").  Yet "[p]laintiffs whose damages exceed $10,000 may waive all claims greater than $10,000 in order to establish the jurisdiction of the District Court."  *Goble v. Marsh*, 684 F.2d 12, 13 (D.C. Cir. 1982).

[8] "Generally, when a government entity acts to create property rights yet retains the power to alter those rights, the property right is not considered 'private property,' and the exercise of the retained power is not considered a 'taking' for Fifth Amendment purposes."  *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006) (quoting *Democratic Cent. Comm. of D.C. v. Washington Metro. Area Transit Comm'n,* 38 F.3d 603, 606 (D.C. Cir. 1994) (per curiam)).

in light of this Opinion, the Court denies Plaintiff's motion for leave to amend without passing on the merits of his proposed pleadings.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 18) is **GRANTED**; Plaintiff's Motion for Reconsideration of the Court's Minute Order (ECF No. 23) is **DENIED**; Plaintiff's Motion to Amend Complaint (ECF No. 24) is **DENIED** as moot; and Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 25) is **DENIED** without prejudice. The Court will grant Plaintiff leave to file an amended complaint on or before December 26, 2025, to cure the deficiencies identified by the Court in this Memorandum Opinion. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 25, 2025                                              RUDOLPH CONTRERAS
                                                                                               United States District Judge