**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| EDSON GARDNER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 24-2546 (RC) |
| | : | | |
| v. | : | Re Document No.: | 30 |
| | : | | |
| DOUG BURGUM, | : | | |
| Secretary, Department of the Interior, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiff Edson Gardner, in his capacity as personal representative of the estate of his

mother, brings this action against the Secretary of the Department of the Interior ("Defendant")

seeking injunctive relief, declaratory relief, and monetary damages relating to property

designated as Indian Country.  Originally, Plaintiff petitioned for a writ of mandamus to compel

Defendant to partition the land and issue deeds pursuant to 25 U.S.C. § 378.  Defendant moved

to dismiss for lack of subject matter jurisdiction.  In granting that motion, the Court allowed

Plaintiff to file an amended complaint to cure the deficiencies present.

Plaintiff appears to abandon his original request for a writ of mandamus to compel

Defendant to partition the land.  Now, Plaintiff's amended complaint focuses on an alleged

violation of the Takings Clause of the Fifth Amendment.  Defendant again seeks to dismiss

Plaintiff's amended complaint for lack of subject matter jurisdiction.  For the reasons explained

below, Plaintiff has failed to establish that this Court has subject matter jurisdiction over his

claim. Accordingly, the Court grants Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).

## II. BACKGROUND

### A. Factual Background

Plaintiff Edson Gardner brings this action as the personal representative of the estate of his mother, Carma Colleen Reed Gardner. Pl.'s Pet. ¶ 13, ECF No. 1. Plaintiff alleges that his mother was the allottee of a trust allotment of forty acres of land in the Farm Creek area of Uintah County, Utah, and that this region is designated as Indian Country under 18 U.S.C. § 1151. *Id.* ¶¶ 1, 8–11.

According to the initial petition, Plaintiff requested "[p]artition of allotment among heirs" of the land from the Department of the Interior's ("DOI") Bureau of Indian Affairs ("BIA") pursuant to 25 U.S.C. § 378. *Id.* ¶¶ 16, 35. In response, the BIA Uintah & Ouray Agency mailed a "Verification for Land Status/Jurisdiction" to Plaintiff on November 28, 2017. *Id.* ¶¶ 21–22; *see* Ex. 1, ECF No. 1-1. The letter describes the trust allotment land as two "fee patent" parcels in Indian Country pursuant to 18 U.S.C. § 1151. *See* Ex. 1. Plaintiff claims that despite completing every step "requested by [the] BIA for partition," the BIA failed to execute Plaintiff's formal petition and partition this land. Pl.'s Pet. ¶¶ 16, 19, 25, 27.

### B. Procedural Background

On September 3, 2024, Plaintiff filed his initial petition for a writ of mandamus, requesting that this Court compel Defendant to partition the land and "issue partition deeds" to his mother's estate. *See id.* ¶¶ 1, 3, 16. Plaintiff alleges that Defendant has a "legal duty" to partition this land and that failure to do so constitutes a "violation of law." *Id.* ¶¶ 4, 35.

On June 2, 2025, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted under Rules 12(b)(1) and 12(b)(6). *See* Def.'s Mot. Dismiss, Mem. Supp. at 1, ECF No. 18-1. On September 23, 2025, Plaintiff filed a motion to amend his petition for writ of mandamus without including the amended pleading. *See* Pl.'s Mot. Amend Pet., ECF No. 24. On October 24, 2025, however, Plaintiff filed a motion for leave to file an amended complaint with the required pleading before the Court had ruled on the prior motion to amend. *See* Pl.'s Mot. Leave File Am. Compl., ECF No. 25. That pleading asserted a takings claim under the Fifth Amendment. *See id.* at 1.

On November 25, 2025, this Court issued an Order and Memorandum Opinion, first ruling on the motion to dismiss and then addressing the other pending motions. *See* Order, ECF No. 26; Mem. Op., ECF No. 27. The Court granted Defendant's motion to dismiss, denied Plaintiff's motion to amend the complaint as moot, and denied Plaintiff's motion for leave to file an amended complaint without prejudice. *See* Order. First, the Court ruled that Plaintiff failed to meet the jurisdictional requirements for a mandamus claim as he did not provide legal support that established the BIA's "clear duty to act." Mem. Op. at 5–9. Second, the Court held that Plaintiff's second motion for leave to file an amended complaint mooted Plaintiff's earlier motion to file an amended complaint. *Id.* at 9–10. Third, the Court identified the applicable legal standard to support a takings claim, but "denie[d] Plaintiff's motion for leave to amend without passing on the merits of his proposed pleadings." *Id.* at 10–11. In doing so, the Court explained that it maintains concurrent jurisdiction with the United States Court of Federal Claims "for claims not exceeding $10,000 in amount founded upon the Constitution." *Id.* at 10 n.7 (citing 28 U.S.C. § 1346(a)(2)) (citation modified). Further, the Court explained that a plaintiff can "waive all claims greater than $10,000 in order to establish the jurisdiction of the District

Court." *Id.* (quoting *Goble v. Marsh*, 684 F.2d 12, 13 (D.C. Cir. 1982)).  The Court's ruling afforded Plaintiff an opportunity to "cure the [previous complaint's] deficiencies" through a newly filed amended complaint.  *Id.* at 11.  The Court allowed Plaintiff until December 26, 2025, to file an amended complaint.  *Id.*

On December 17, 2025, Plaintiff filed his amended complaint.  *See* Am. Compl., ECF No. 29.  Plaintiff alleges that he is entitled to monetary compensation from Defendant for the "taking of the Allotment of land" and the "loss of use" resulting from the taking.  *Id*. ¶¶ 11–12.  Specifically, Plaintiff alleges that Defendant has deprived him of "profit and labor" as well as "employment opportunities."  Pl.'s Mot. Suppl. R. at 2, ECF No. 35.[1]  Plaintiff also alleges that Defendant neglects a "fiduciary responsibility, to protect the interests of the plaintiffs in lands on the Uintah Indian Reservation."  Am. Compl. ¶ 10.

On December 31, 2025, Defendant filed the present motion to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6).  *See* Def.'s Mot. Dismiss at 1, ECF No. 30; Def.'s Mem. in Supp. Mot. Dismiss ("MTD"), ECF No. 30-1.  On January 5, 2026, the Court extended Plaintiff's deadline to respond to Defendant's motion to February 4, 2026.  *See* Order, ECF No. 31.  The Court noted it would "take into consideration the facts proffered by Mr. Gardner in the amended complaint, along with his response or opposition to Defendant's motion."  *Id.* at 2.

A series of pleadings followed.  *See* Pl.'s Resp. to Def.'s Mot. Dismiss ("Pl.'s Resp."), ECF No. 32; Def.'s Reply in Supp. of Mot. Dismiss ("Def.'s Reply"), ECF No. 33; Pl.'s Resp. to

---

[1] Plaintiff titled this filing "Plaintiff's Motion to Supplemental Record of Jurisdiction." *See* ECF No. 35.  The Court construes this document as a supplemental brief and has considered it in ruling on the present motion to dismiss.

Jan. Order, ECF No. 34; Pl.'s Mot. Suppl. R.; Pl.'s Sur-Reply, ECF No. 36.  The motion is now fully briefed and ready for the Court's consideration.

### III.  LEGAL STANDARD

### A.  Rule 12(b)(1)

When a court lacks subject matter jurisdiction, it must dismiss the claims before it.  Fed. R. Civ. P. 12(b)(1), (h)(3).  The plaintiff bears the burden to establish subject matter jurisdiction. *Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008).  When ruling on a 12(b)(1) motion, this Court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiffs the benefit of all inferences that can be derived from the facts alleged."  *Hemp Indus. Ass'n v. Drug Enf't Admin*., 36 F.4th 278, 281 (D.C. Cir. 2022) (citation modified); *Rosenkrantz v. Inter-Am. Dev. Bank*, 35 F.4th 854, 857 (D.C. Cir. 2022).  A court may also "consider materials outside the pleadings."  *Jibril v. Mayorkas*, 101 F.4th 857, 866 (D.C. Cir.), *cert. denied*, 145 S. Ct. 550 (2024) (quoting *Kareem v. Haspel*, 986 F.3d 859, 866 n.7 (D.C. Cir. 2021)).

### B.  *Pro Se* Pleadings

The Court reads *pro se* pleadings under "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  This Court may consult supplemental material filed by the party "to clarify the precise claims being urged" when assessing whether a *pro se* plaintiff's complaint meets the standard to survive a motion to dismiss.  *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007).  These materials can include "*pro se* affidavits and exhibits, as well as public records subject to judicial notice."  *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (citation modified).  That said, *pro se* plaintiffs still

must adhere to the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

## IV.  ANALYSIS

Considering Plaintiff's revised claims,[2] the Court agrees with Defendant that Plaintiff seeks monetary damages that exceed this Court's jurisdictional limit imposed by the Little Tucker Act, 28 U.S.C. § 1346(a)(2).  Moreover, transferring this action to the United States Court of Federal Claims would not be in the interest of justice, given that neither party requested a transfer, and its success on the merits is unlikely.  For these reasons, the Court grants Defendant's motion to dismiss pursuant to Rule 12(b)(1).

### A.  Exclusive Jurisdiction Under the Tucker Act

The Tucker Act "vests exclusive jurisdiction in the United States Court of Federal Claims over claims against the United States for 'liquidated or unliquidated damages in cases not sounding in tort.'" *Smalls v. United States*, 471 F.3d 186, 189 (D.C. Cir. 2006) (quoting 28 U.S.C. § 1491(a)(1)).  The Little Tucker Act is an exception to the Tucker Act; the statute vests concurrent jurisdiction in the "district courts for civil actions or claims against the United States for $10,000 or less." *Id.* (citing 28 U.S.C. § 1346(a)(2)).  The monetary limitations set by the Little Tucker Act are jurisdictional. *Id.*; *see United States v. Hohri*, 482 U.S. 64, 66–67 n.1

---

[2] Plaintiff's amended complaint focuses on a takings claim and appears to abandon his original mandamus claim. *See generally* Am. Compl.  The amended complaint cites the Mandamus Act, 28 U.S.C. § 1361, only once and does not explicitly request a writ. *See id.* ¶ 3. Instead, it only vaguely alleges that Defendant possesses a "fiduciary responsibility, [as a trustee] to protect the interests of the plaintiffs in lands on the Uintah Indian Reservation." *See id.* ¶ 10. To the extent this qualifies as a request for a writ, Plaintiff nevertheless fails to identify the "specific trust obligations established by 'the text of a treaty, statute, or regulation'" that would warrant mandamus jurisdiction. *See Hill v. U.S. Dep't of Interior*, 151 F.4th 420, 431 (D.C. Cir. 2025) (quoting *Arizona v. Navajo Nation*, 599 U.S. 555, 566 (2023)); Mem. Op. at 5–9.  Thus, the Court concludes that it still lacks jurisdiction over Plaintiff's mandamus claim.

(1987) ("Jurisdiction in district courts under the Little Tucker Act is limited to nontort claims not exceeding $10,000.").

For jurisdictional purposes, the amount of recovery sought by the plaintiff is not based on the potential worth of the claim but rather the actual recovery sought by the plaintiff. *Smith v. Orr*, 855 F.2d 1544, 1553 (Fed. Cir. 1988). Therefore, a district court can maintain jurisdiction for a claim that exceeds the monetary damages limit if the plaintiff properly waives any recovery in excess of $10,000. *See Goble*, 684 F.2d at 17; *see also Stone v. United States*, 683 F.2d 449, 451 (D.C. Cir. 1982). Otherwise, the district court lacks subject matter jurisdiction. *See Greenhill*, 482 F.3d at 576.

Defendant argues that this Court lacks jurisdiction because "Plaintiff's claim is for damages in excess of $10,000." MTD at 4. In the amended complaint, Plaintiff seeks damages in the amount of $110,000 for the alleged taking of the allotment.[3] *See* Am. Compl. ¶¶ 11–12. Even if Plaintiff erred in drafting his amended complaint, intending to raise two requests for $10,000, *see* MTD at 2 n.1, the damages would total $20,000 and nonetheless exceed the $10,000 limitation imposed by the Little Tucker Act. Therefore, this Court could only maintain jurisdiction if the Plaintiff properly "waive[d] any claims in excess of $10,000." *See Goble*, 684 F.2d at 15.

For the purposes of maintaining jurisdiction in a district court under the Little Tucker Act, the D.C. Circuit recognizes that a plaintiff's waiver must be "clearly and adequately expressed." *Waters v. Rumsfeld*, 320 F.3d 265, 271 (D.C. Cir. 2003) (quoting *Goble*, 684 F.2d at 17). Waiver is typically asserted in the pleading stages of a case. *Stone*, 683 F.2d at 454 n.8.

---

[3] Specifically, Plaintiff asserts he is entitled to up to $100,000 from Defendant "for loss of use" of the land and requests up to $10,000 "in addition" for the "taking of Allotment of land" itself. Am. Compl. ¶¶ 11–12.

7

Here, Plaintiff does not mention or suggest any waiver in his amended complaint. *See generally* Am. Compl. In the absence of a clear and adequate expression of an intent to waive, the Court of Federal Claims has exclusive jurisdiction. *Waters*, 320 F.3d at 271–72 (holding that providing plaintiffs with a future option to waive claims exceeding $10,000 was not sufficient to vest jurisdiction in the district court). Because Plaintiff's takings claim seeks damages exceeding $10,000 and fails to waive his entitlement to those excess damages, this Court lacks jurisdiction over the claim. *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1304, 1310 (Fed. Cir. 2008); *see also Greenhill*, 482 F.3d at 576; *Stone*, 683 F.2d at 453–54. Plaintiff's amended complaint is instead subject to the Court of Federal Claims' exclusive jurisdiction under the Tucker Act. *See Roseberry-Andrews v. Wilson*, 292 F. Supp. 3d 446, 456 (D.D.C. 2018).

### B. Transfer Under 28 U.S.C. § 1631

When a federal court lacks subject matter jurisdiction, it may not reach the merits of a case and must instead dismiss the matter or transfer it to the proper court "in the interest of justice." *Amerijet Int'l, Inc. v. U.S. Dep't of Homeland Sec.*, 43 F. Supp. 3d 4, 21 (D.D.C. 2014); *Robinson v. Huerta*, 123 F. Supp. 3d 30, 39 n.5 (D.D.C. 2015); *Tootle v. Sec'y of Navy*, 446 F.3d 167, 172–73 (D.C. Cir. 2006). Where neither party has moved to transfer the case originally brought in the incorrect jurisdiction, D.C. Circuit law recognizes the district court's discretion to transfer under 28 U.S.C. § 1631 *sua sponte*. *See Amerijet Int'l.*, 43 F. Supp. 3d at 21; *see also Halim v. Donovan*, 951 F. Supp. 2d 201, 204 (D.D.C. 2013).

Courts must carefully weigh the equities when deciding whether to dismiss a claim that could be transferred. *See Roseberry-Andrews*, 292 F. Supp. 3d at 457. A transfer may be "in the interest of justice" in instances where a *pro se* plaintiff misfiled his action or made a good faith mistake in interpreting "a complex or novel jurisdictional provision." *Bethea v. Holder*, 82 F.

Supp. 3d 362, 366 (D.D.C. 2015).  Courts assess "whether it would be time consuming and costly to require a plaintiff to refile his or her action in the proper court or whether dismissal would work a significant hardship on [a] plaintiff who would likely now be time barred from bringing his or her action in the proper court."  *Id.* at 367.  And a district court may also conduct a limited review of the merits of the claim because a transfer is not in the interest of justice if "success on the merits appears unlikely."  *Roseberry-Andrews*, 292 F. Supp. 3d at 457 (quoting *Boultinghouse v. Lappin*, 816 F. Supp. 2d 107, 113 (D.D.C. 2011) (collecting cases)).

Here, the Court finds that dismissal is warranted.  The question of jurisdiction under the Tucker Act involves a "complex or novel jurisdictional provision" that may be difficult for a *pro se* plaintiff to understand.  *Roseberry-Andrews*, 292 F. Supp. 3d at 457 (quoting *Janvey v. Proskauer Rose*, 59 F. Supp. 3d 1, 7 (D.D.C. 2014)).  But Plaintiff's misinterpretation of the Tucker Act and failure to bring this action in the correct court is not synonymous with a good faith mistake.  This Court previously explained its jurisdictional limits in its prior Memorandum Opinion.  *See* Mem. Op. at 10 n.7.  Plaintiff had sufficient notice as to the jurisdictional bar that would arise if he sought over $10,000 in damages without waiver in the district court and did so anyway.  *See* Am. Compl. ¶¶ 11–12.  And it is unclear whether dismissal would pose a significant hardship on Plaintiff, as "neither party has provided fulsome briefing on when [Plaintiff's taking] claim[] accrued."  *Roseberry-Andrews*, 292 F. Supp. 3d at 457; *see generally* Am. Compl.  Moreover, in weighing these equities, the Court concludes that *sua sponte* transfer is not proper because a limited review "reveals that success on the merits appears unlikely."  *See Boultinghouse*, 816 F. Supp. 2d at 113.  Plaintiff does not clearly "define the dimensions of the requisite property rights" and identify his specific "relation to the physical" allotment.  *Conti v. United States*, 291 F.3d 1334, 1340 (Fed. Cir. 2002); *see also Acceptance Ins. v. United States*,

583 F.3d 849, 857 (Fed. Cir. 2009).  Nor does he explain how any "property interest was 'taken'" by the government.  *See Acceptance*, 583 F.3d at 854.  Thus, a court would lack sufficient information to discern whether Plaintiff can assert a takings claim related to these apparently fee patent parcels in Indian Country.

Recognizing that Plaintiff does not request a transfer, and that success on the merits of this claim is unlikely, transferring this action would not be in the interest of justice. Accordingly, this Court will not exercise its discretion to do so *sua sponte* and grants Defendant's motion to dismiss Plaintiff's takings claim.

### V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 30) is **GRANTED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  April 3, 2026                                          RUDOLPH CONTRERAS
                                                                      United States District Judge

10